IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**OCIE HOSKINS, #75124**                                                    **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 2:10-cv-162-KS-MTP**

**CAPTAIN LEWIS, et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, an inmate of the Mississippi Department of Corrections, filed a Complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On June 29, 2010, an order [3] was entered which directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this case or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order [3] at 5. The Plaintiff failed to comply with this order. The Plaintiff was warned that failure to timely comply with the requirements of the order may lead to the dismissal of his Complaint.

On September 1, 2010, the Court entered an order [4] directing the Plaintiff to show

cause why this case should not be dismissed for his failure to comply with the order of June 29, 2010.  In addition, Plaintiff was directed to file his response and comply with the June 29, 2010 order by filing the required documents, on or before September 22, 2010.  The Plaintiff was warned in the show cause order [4] that failure to comply with the requirements of the order by September 22, 2010, would lead to the dismissal of his Complaint.  The Plaintiff failed to comply with this order.

On October 12, 2010, a final order [7] to show cause was entered.  This order directed the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of June 29, 2010, and September 1, 2010.  Plaintiff was directed to file his response and comply with the Court's orders by filing the required documents, on or before November 2, 2010.  The Plaintiff was warned in the final show cause order [7] that failure to comply with the requirements of the order by November 2, 2010, would lead to the dismissal of his Complaint.

Plaintiff filed an unsigned response [8] on November 12, 2010.[1]  The Court entered an Order [9], on November 19, 2010, directing the Clerk to return a copy of the response [8] to the Plaintiff for his signature.  The Order [9] directed Plaintiff to file his signed response on or before December 9, 2010.  Plaintiff was warned that failure to timely comply with the Order would lead to the dismissal of his case.  Plaintiff failed to comply with this Order.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply

---

[1]This unsigned response [8] contained various offers to settle this case for certain monetary amounts and release from prison and it was not accompanied by the acknowledgment of receipt.

2

with the Court's orders prior to the summary dismissal of this case.  Therefore, on January 5, 2011, an order [10] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of November 19, 2010.  Plaintiff was directed to comply with the Court's order by filing his signed response [8], on or before January 20, 2011.  The Plaintiff was warned in the show cause order [10] that failure to comply with the requirements of the order by January 5, 2011, would lead to the dismissal of his Complaint.  Plaintiff failed to comply with this Order.

Plaintiff has failed to comply with numerous court orders and he has not contacted this Court since November 12, 2010.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the

Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the  8th  day of February, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE